[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a petition for a legal separation on July 19, 1993, alleging the irretrievable breakdown of his marriage to the defendant. On the assigned trial date, May 4, 1995, the plaintiff failed to appear. The court (Dranginis, J.), acting on a cross complaint filed by the defendant that day, entered a judgment of dissolution along with certain orders concerning alimony, custody, visitation and support. On November 6, 1995 that judgment was opened by the court (Shortall, J.) on the plaintiff's motion because the twenty-day waiting period required by Section 46b-67(a) had not been complied with.
The new trial date set by the court was November 28, 1995, and the plaintiff, although he appeared initially on that date, failed to remain in attendance until the case was reached. Therefore, when the case was reached, it went forward as an uncontested matter on the defendant's cross complaint, both parties having alleged the irretrievable breakdown of their marriage and the 20-day waiting period having expired. The court entered a judgment of dissolution and adopted the same orders entered by the court on May 4, 1995, no reason appearing of record to indicate that those orders were not fair and equitable. They included an order of $1.00 per year alimony, payable to the state, because the defendant was a recipient of CT Page 5123-VVVV financial assistance from the state.
The only motion for counsel for the parties' minor children was made by the plaintiff on July 7, 1994 and was never acted upon. The plaintiff's motion to reargue of March 22, 1996 was denied because no cause for granting it appeared in the motion or its supporting memorandum.
SHORTALL, J.